**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRADLEY B. MILLER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:18-CV-1457-B-BH** |
| | ) | |
| **VIRGINIA T. DUNN and THE STATE** | ) | |
| **OF TEXAS** | ) | |
| | ) | |
| **Respondents.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* removed case has been automatically referred for judicial screening. Before the Court is Bradley B. Miller's "*Emergency Motion to Compel*"(doc. 21) filed on June 8, 2018. Based on the relevant filings and applicable law, the case should be **REMANDED** *sua sponte* for lack of jurisdiction, and the motion should be **DENIED as moot**.

**I. BACKGROUND**

On February 13, 2013, Virginia Dunn (Respondent) filed a petition for divorce from Bradley Miller (Petitioner) in the 330th District Court of Dallas County, Texas, and an agreed judgment was entered on April 2, 2014. (doc. 3 at 36, 43.)[1] Respondent subsequently re-opened the suit with a motion to modify the child custody arrangement. (*Id*. at 43.) On November 17, 2016, Petitioner removed the action to the Dallas Division of the Northern District of Texas, alleging violations of various federal statutes and the United States Constitution by the state court judge. *Dunn v. Miller*, No. 3:16-CV-3213-L, 2016 WL 9651747, at *1 (N.D. Tex. Nov. 18, 2016). The case was *sua sponte* remanded to the state family court for lack of jurisdiction, and the Fifth Circuit Court of Appeals

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

affirmed the decision on August 17, 2017.  *Dunn v. Miller*, 695 F. App'x 799, 800 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 929 (2018).

On September 13, 2017, Respondent filed a motion to enforce child support in the state court. (doc. 3 at 52.) Although the state court's docket sheet shows that Petitioner was served with citation on December 14, 2017, he alleges that he did not receive notice and failed to attend the hearing on the motion to enforce as a result. (*Id*. at 5, 53.) An arrest warrant was issued based on his failure to appear, and he was arrested on February 15, 2018, and released on bond the following day. (*Id*. at 5.) On March 8, 2018, Respondent filed a motion to suspend his visitation rights, and Petitioner filed a motion to recuse the state court judge for bias.  (*Id*. at 5-6, 55.)  The motion to recuse was denied on March 27, 2018. (*Id*. at 7, 55-56.) Before the motion to suspend was considered by the state court, Petitioner again removed this action to federal district court on April 17, 2018, based on federal question jurisdiction, and as a "civil rights removal" under  28 U.S.C. § 1443. *See Dunn v. Miller*, No. 3:18-CV-967-B (N.D. Tex.) (docs. 3, 25). The case was again *sua sponte* remanded to the state family court for lack of jurisdiction on May 16, 2018. (*See id.* at docs. 25, 30, 31.) On remand, the state family court entered a temporary restraining order against Petitioner enjoining him from "having possession of or access to his daughter, or even from attending her school-related events" on May 31, 2018. (doc. 3 at 8.)

On June 7, 2018, Petitioner removed this action for a third time under the same jurisdictional basis as his second removal attempt, i.e., based on federal question jurisdiction, and as a "civil rights removal" under  28 U.S.C. § 1443. (*See id*.) On that same day, a hearing on temporary orders was set at 9:00 a.m. in the state family court. (doc. 21 at 1.) Though he alleges that he notified the state court and informed Respondent's lawyer about the removal "[a]t 8:57 a.m." that morning, Petitioner

2

did not appear at the hearing and was defaulted by the state court. (*Id.* at 1, 8-12.) On June 8, 2018,

he filed an "Emergency Motion to Compel" asking this Court to vacate the temporary orders entered

in state court as "void." (*Id.* at 2.)

## II. JURISDICTION

Petitioner removed this action based on federal question jurisdiction, and as a "civil rights

removal" under  28 U.S.C. § 1443.[2] (doc. 3 at 1; doc. 7.)

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit

lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the

party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"[A]ny doubt about the propriety of removal must be resolved in favor of remand."  *Gasch v.*

*Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Courts have "a continuing

obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896

F.2d 170, 173 (5th Cir. 1990).  They may *sua sponte* raise the jurisdictional issue at any time. *Id.*;

*EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to

subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper).

### A.    Federal Question Jurisdiction

Petitioner contends that federal question jurisdiction exists because the state court has

violated his constitutional rights as well as several federal statutes. (doc. 3 at 1.)

Federal question jurisdiction exists only when a federal question is presented on the face of

---

[2] Petitioner concurrently filed a *Memorandum of Law Clarifying Established Federal Jurisdiction* with his notice of
removal that identified the same bases for federal jurisdiction. (doc. 7.)

a plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338. "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

### 1.    *Federal Defense*

The notice of removal alleges that federal question jurisdiction exists because this case involves "various willful, systemic deprivations of fundamental rights guaranteed by the Federal Constitution, and/or by federal law, and which deprivations are civil violations of 42 U.S.C. § 1983, and that are also criminal violations of 18 U.S.C. §§ 241 and 242." (doc. 3 at 3, 10-11.) It further alleges that the state judge's orders violate the Federal Consumer Credit Protections Act and the False Claims Act.[3] (*Id*. at 22-23.)

It is "not sufficient for the federal question to be raised in the answer or in the petition for

---

[3] Petitioner also filed a *Notice of Constitutional Questions to Texas State Statutory Schemes* identifying his "general constitutional challenges with regards to the Texas Family Code," including allegations that child support orders are "wholly unlawful," that the State of Texas cannot "attempt to alter any child custodial rights betwixt any parties . . . upon any mere preponderance standard," and that all judicial officers of a particular county are "precluded by law from any . . . involvement in any cases of their own same county involving child support." (doc. 15 at 2-3.)

removal." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), *cert. denied*, 537 U.S.

1046 (2002). "[T]here is generally no federal jurisdiction if the plaintiff properly pleads only a state

law cause of action." *Id.*; *see also Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be

removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in

the plaintiff's complaint") (emphasis in original); *see also Fed. Nat. Mortg. Ass'n*, 2010 WL

4627833, at *3 (holding that even if a federal statute "supplied a federal defense" for the plaintiff

in a foreclosure action, "it would still be insufficient for federal jurisdiction because *plaintiff's*

*pleadings* must raise the federal claim or issue") (emphasis in original).

      Here, Petitioner has not provided any of the state court pleadings or otherwise identified the

federal questions alleged in them.[4] (*See* doc. 3.) Child custody and divorce proceedings are typically

governed by state law. *See Womack v. Wright*, No. 4:15-CV-601, 2016 WL 270111, at *2 (E.D. Tex.

Jan. 22, 2016), *adopted by* 2016 WL 3067041 (E.D. Tex. June 1, 2016), *aff'd by* 683 F. App'x 271

(5th Cir. 2017) (remanding child custody proceedings and explaining that when a party "chooses

to construe a suit as a violation of his civil rights or seeks to bring affirmative claims alleging a

federal question [it] does not confer subject matter jurisdiction" to the federal court); *see also*

*Sanders v. Wright*, No. 5:17-CV-131-RWS-CMC, 2017 WL 3599536, at *5-7 (E.D. Tex. Aug. 22,

2017) (quoting *Alabama v. Huffaker*, No. 08–680, 2009 WL 197806, at *5 (S.D. Ala. Jan. 26, 2009))

(explaining that the "federal judiciary has traditionally abstained from deciding cases concerning

---

[4] On June 8, 2018, Petitioner was notified that his notice of removal did not comply with the requirements of 28 U.S.C. § 1446 or Local Civil Rule 81.1, in part because he failed to provide a copy of the state court pleadings. (doc. 22.) His "preliminary motion" for relief from these requirements was denied because he provided no authority for his position that they do not apply to cases removed under § 1443. (docs. 11, 20.) Courts have found to the contrary. *See Conlin v. Ligon,* No. H-11-0411, 2011 WL 649661, *2 (S.D. Tex. Feb. 10, 2011) (noting failure to comply with § 1446 in action removed under § 1441(a) and § 1443(1)); *see also Thompson v. Charleston Manor, LLC,* 2018 WL 1757029, (D. Minn. Apr. 12, 2018) (noting failure to comply with § 1446 in action removed under § 1443(1)).

domestic relations . . . [where] federal courts [will] generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification")).  Any constitutional defenses that Petitioner has therefore cannot provide the basis for federal question jurisdiction.

### 2.    *New Claims*

The notice of removal also states that Petitioner will assert "independent causes of action" involving constitutional questions, including claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000b-2, the Federal Consumer Credit Protections Act, the False Claims Act, the First, Fourth, Fifth, and Fourteenth Amendments, as well as state law claims for "deprivation of parent-child relationship," fraud, intentional infliction of emotional distress, negligence, and malicious prosecution.[5] (doc. 3 at 24-31.)

To the extent that Petitioner seeks to assert new claims or counterclaims that arise under federal law, they still cannot be considered in determining whether federal question jurisdiction exists over this removed case.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim" because "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction"). He has not shown that the underlying divorce or custody proceedings presented a federally-created cause of action, or that its right to relief depended on the resolution of a substantial question of federal law. Accordingly, he has not met his burden to show federal question jurisdiction exists over this removed action.

---

[5]  Petitioner also filed a *Notice of Pending Amendment of Petition into Full Complaint* that expressed his intent to assert additional claims in this action. (doc. 13.)

6

B.    **Civil Rights Removal Statute**

Petitioner also contends that removal is proper under the civil rights removal statute, 28

U.S.C. § 1443. (doc. 3 at 1.)

Section 1443 authorizes the removal of any of the following civil actions or criminal

prosecutions filed in state court, even if the action would not otherwise be removable under the

court's original jurisdiction:

> (1) Against any person who is denied or cannot enforce in the courts of such State
> a right under any law providing for the equal civil rights of the citizens of the United
> States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal
> rights, or for refusing to do any act on the ground that it would be inconsistent with
> such law.

28 U.S.C. § 1443. The second subsection of § 1443 "confers a privilege of removal only upon

federal officers or agents and those authorized to act with or for them in affirmatively executing

duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*,

384 U.S. 808, 824 (1966). Petitioner has not alleged that he is a federal officer or agent, so any right

to removal must fall under the first subsection of § 1443.

Under § 1443(1), a defendant must satisfy a two-pronged test to remove an action. *Georgia*

*v. Rachel*, 384 U.S. 780 (1966). First, the party must prove the rights allegedly denied to him arise

under a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* at 792.

Second, the party must prove he has been "denied or cannot enforce" the specific civil rights in state

court. *Id.* at 794.

1.    *Racial Equality*

Petitioner "strenuously objects" to this first prong, but he contends that this prong has been

7

met here because this case qualifies as "a clear instance of Fourteenth Amendment violations" on racial grounds. (doc. 3 at 31-32.)

Petitioner first argues that "the text of [28 U.S.C. § 1443] contains no language whatsoever requiring a racial litmus test," and he should not have to meet this prong.[6] (*Id*. at 31.) The Fifth Circuit, however, has explained that "[t]he Supreme Court has construed the 'equal civil rights' language of 28 U.S.C. § 1443 to be limited to those rights grounded in racial equality," *Dunn*, 695 F. App'x at 800 (citations omitted), and it has further held that the removal statute contained in "§ 1443 'was enacted in the Civil Rights Act of 1866 under the authority of the Thirteenth Amendment' and was therefore 'limited to racially based claims of inequality'" *Kruebbe v. Beevers*, 692 F. App'x 175 (5th Cir. 2017) (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 622 (1979) ("When the removal statute speaks of any law providing for equal rights, it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.") (internal quotations omitted). Because his argument is inconsistent with all Supreme Court and Fifth Circuit precedent, Petitioner's objection is without merit and should be overruled. *Sanders*, 2017 WL 3599536, at *5-7 (overruling objection that a "fair and full reading of [28 U.S.C. § 1443(1)] itself does not give even the slightest hint that its availability to all United States citizens is limited as unconstitutionally misconstrued in *Georgia v. Rachel*" because this objection was inconsistent with all Fifth Circuit precedent).

---

[6] Petitioner made the same objection to the first prong of § 1443(1) in his *Notice of Constitutional Questions to Federal Statute 28 USC 1443* and *Notice of Pre-Emptive Constitutional Challenge to the Unlawful Discrimination of Separate Racial Classes via Georgia v. Rachel*.  (docs. 16, 17.)

Petitioner next contends that, even if the first prong is required, he meets any racial grounds required for removal because "the abuse he has suffered in the 330th Family District Court is the result of racial discrimination" from the state court judge. (doc. 3 at 31.)  He alleges that the state court judge "favors women and people of color at the expense of white men [such as Petitioner]–even if she has to break the law to accomplish that goal." (*Id*. at 33.) He points to the fact that the state court judge is an "African-American woman" who was the president of her undergraduate sorority that "has no non-black members," as well as the fact that "[o]f all the current employees of the 330th Family District Court, only two are men, and none [are] white." (*Id*. at 32-33.) He claims that the state court judge issues "reasonable" rulings to "black men of modest means" but routinely issues "illegal" rulings against white men like him. (*Id*.)

Petitioner's broad allegations of Fourteenth Amendment violations on the basis of racial discrimination are overall "insufficient to support a valid claim of removal because racial equality rights do not include rights of general application." *Sanders*, 2017 WL 3599536, at *7 (citing *Alabama v. Conley*, 245 F. 3d 1292, 1295-96 (11th Cir. 2001)).  Moreover, although he argues that this case is a "clear instance" of violations of the due process and equal protection clauses in the Fourteenth Amendment on racial grounds, Petitioner has failed to allege that the state court judge's rulings favored his wife over him based on his wife's race.  He does not allege that his wife is of a different race than he is. Any favoritism based on her gender does not satisfy the racial equality requirements of § 1443(a). His conclusory and general claims of race discrimination do not satisfy the first prong under § 1443(1). *See State of Georgia. v. Spencer*, 441 F.2d 397, 398 (5th Cir. 1971) (due process); *Smith v. Winter*, 717 F.2d 191 (5th Cir. 1983) (equal protection); *see also Alabama*, 2009 WL 197806, at *2 (*pro se* defendant alleging denial of equal protection and due process in a

child support proceeding "failed to allege adequate grounds for removal pursuant to § 1443(1), because he cannot satisfy the first prong of the test").

### 2.    *Specific Civil Rights*

Petitioner does not specifically address the second prong except to generally contend that if the federal court does not intervene, he "may be otherwise subjected to manifestly egregious denials and inabilities to enforce in said state court . . . and will also be likewise unlawfully forced to suffer manifestly irreparable harm and due process injuries therein." (doc. 3 at 33.)

Under the second prong of § 1443(1), the removing party must prove that he has been "denied or cannot enforce" the specified federal rights "in the courts of (the) State." *Sanders*, 2017 WL 3599536, at *7. This provision normally requires the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id.* (citation and internal quotation omitted). Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that [the removing party] would be 'denied or cannot enforce' the specified federal rights in the state court," it is expected that the protection of federal constitutional or statutory rights can be effected in the pending state proceedings, civil or criminal. *Id.* (quoting *Rachel*, 384 U.S. at 804). Failure to satisfy this prong of the test is "fatal to removal." *Id.* (citation omitted).

Petitioner has not shown that any Texas law or policy prevents him from raising his federal claims or constitutional rights as either defenses or counterclaims in the state court proceeding, and he also fails to show how his "civil rights, as they pertain to racial equality, would be denied in state court in the instant action." *Louisiana v. Wells*, No. 14-00056-BAJ, 2015 WL 1276713, at *5 (M.D. La. Mar. 19, 2015) (denying removal of child support enforcement action under 28 U.S.C. § 1443).

He has presented no evidence that the state court proceeding, which is subject to appellate review by other Texas courts, will inevitably result in a violation of his rights under the Constitution. He accordingly fails to prove that he has been denied or cannot enforce the specific civil rights in state court.

Because he has failed to establish both prongs necessary under § 1443(1), Petitioner has not met his burden to show that removal is proper under the civil rights removal statute.

### III. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the 330th District Court of Dallas County, Texas, for lack of subject matter jurisdiction, and Petitioner's *Emergency Motion to Compel* (doc. 21) should be **DENIED as moot**.[7]

**SO RECOMMENDED this 13th day of June, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] Petitioner's motion contends that this Court "has the power to vacate the state-court Temporary Orders under 28 U.S.C. § 2283," otherwise known as the Anti-Injunction Act (AIA). (doc. 21 at 2.) The AIA provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Act "has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131–32 (5th Cir. 1990). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297 (1970). Petitioner has not alleged that any specific exception to the AIA applies here, or how his requested relief is warranted under the AIA.

11

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE